[Civ. No. 53374. First Dist., Div. Three. Nov. 23, 1982.]

BEKINS MOVING & STORAGE COMPANY, Petitioner, v. WORKERS' COMPENSATION APPEALS BOARD and GEORGE HANSEN, Respondents.

COUNSEL

Nathan A. Gilbert, Mentz, Finn, Gilbert & Clarke and Bryce C. Anderson for Petitioner.

Robert T. Bledsoe and Beauzay, Hammer, Ezgar, Bledsoe & Sprenkle for Respondents.

---

**OPINION**

**WHITE, P. J.**—This petition by an employer challenges a decision by the Workers' Compensation Appeals Board (hereafter Board) that the applicant was entitled to rehabilitation benefits. The issue raised is whether the Board erred in its ruling that the application was not barred by the statute of limitations. Novel and important questions concerning application of Labor Code sections 3207, 5404, and 5804 are involved. We have concluded that one of the limiting statutes does apply to rehabilitation benefits, but that under the circumstances of this case the applicant satisfied the statute. Therefore, we affirm the Board's ruling.

Applicant George Hansen injured his back on January 20, 1975, while employed by Bekins Moving & Storage Company (hereafter Bekins) as a furniture mover. He filed two applications for adjudication of claims, one alleging cumulative injury to his back arising from employment with Bekins between 1967 and 1975, and the other alleging a specific injury to his back on January 20, 1975. Initially, Hansen took steps to enroll in a rehabilitation program, but he apparently lost interest in rehabilitation. An award issued finding Hansen 30½ percent permanently disabled and awarding disability indemnity and payment for further medical treatment. The award said nothing about rehabilitation benefits.

Before the hearing, Hansen returned to work with Bekins, but he left in 1976 to form his own furniture moving business in Santa Cruz, California. He continued in that business until 1978, when he sold out to his partners because he could not handle the heavy lifting involved.

On June 29, 1979, four years and some months after he was injured at Bekins, and following a period of unemployment, Mr. Hansen filed a request for rehabilitation (form RB-5) with the Bureau of Rehabilitation (hereafter Bureau). The Bureau notified Bekins, which arranged for doctor's examinations and a job analysis. Bekins concluded upon review of the reports and analysis that Mr. Hansen was not in need of rehabilitation. The Bureau disagreed and ordered Bekins to refer Mr. Hansen to a qualified rehabilitation specialist and to pay the applicant temporary disability benefits while rehabilitation was underway.

Bekins appealed the order of the Bureau to the Board. Following hearing, a compensation judge found Mr. Hansen qualified for rehabilitation, rejected statute of limitations claims, and upheld the order of the Bureau. The Board denied reconsideration and this petition followed.

Labor Code section 139.5, found in division 1, chapter 5 of the California Labor Code establishes a "rehabilitation unit" within the "Division of Industrial Accidents" and provides in pertinent part that "(c) When a qualified injured workman chooses to enroll in a rehabilitation program, he shall continue to receive temporary disability indemnity payments, plus additional living expenses necessitated by the rehabilitation program, together with all reasonable and necessary vocational training, at the expense of the employer or the insurance carrier, as the case may be." Nothing is said in division 1 about a statute of limitations for rehabilitation requests. Petitioner contends, however, that the one-year statute of limitations applicable to temporary disability awards (Lab. Code, § 5405) applies. Additionally, petitioner argues that the five-year limitation for reopening an award (Lab. Code, § 5804) applies. Petitioner asserts that the applicant satisfied neither statute.

Statutes of limitations and notice requirements for filing claims seeking permanent or temporary disability awards or reimbursement for medical expenses are contained in chapter 2 of part 4 of division 4 of the Labor Code, section 5400 et seq. Labor Code section 5405, the section relied upon by petitioner, prescribes a one-year limit for commencing proceedings for the collection of medical and disability payments. Petitioner argues that because rehabilitation benefits consist in part of a continuance of "temporary disability indemnity payments," the same limitations period applies to an application for them.

Petitioner's logic could perhaps be accepted if Labor Code section 5405 mentioned by name "temporary disability" benefits. However, the section imposes a one-year limitations period upon applications for the collection of "the benefits provided by Articles 2 or 3, or both, of Chapter 2 of Part 2 of this division." Rehabilitation benefits are provided in division 1 of the Labor Code, not in division 4, the division to which section 5405 refers.

If an applicant files a timely application for disability or medical payments, Labor Code section 5404 provides that the statute of limitations is inapplicable to any subsequent proceedings regarding the liability of the party or parties named for further benefits referable to the same injury. Further proceedings are governed by the five-year limitations provided in Labor Code section 5410 and 5803-5804. (See 1 Herlick (2d ed. 1978) § 14.2, p. 489.) A critical question here is whether those general principles apply to a claim for rehabilitation

benefits. To answer that question it is necessary to consider exactly how rehabilitation benefits fit into the general workers' compensation scheme.

Curiously, Labor Code section 139.5 is not found in divisions 4 or 5 of the Labor Code, which divisions are intended to provide "a complete system of workmen's compensation." (Lab. Code, § 3201.) However, the relationship between vocational rehabilitation and workers' compensation benefits is expressed in Labor Code section 3207: "'Compensation' means compensation under Division 4 and includes every benefit or payment conferred by Division 4 upon an injured employee, *including vocational rehabilitation,* or in the event of his death, upon his dependents, without regard to negligence." (Italics added.)

There is a latent inconsistency in Labor Code section 3207: vocational rehabilitation benefits are conferred by division 1, not by division 4. However, reasonably read the specific reference to vocational rehabilitation benefits must prevail over the general limitation to benefits conferred by division 4.[1] Thus, various provisions in workers' compensation law which use the term "compensation" can be directly applied to vocational rehabilitation benefits.

As mentioned above, chapter 2 of part 4 of division 4 of the Labor Code contains the various statutes of limitations for giving notice of injury and filing applications for compensation benefits. With certain exceptions provided in Labor Code sections 5402 and 5403 a claim for recovery cannot be maintained unless notice is given the employer within 30 days of the injury. (Lab. Code, § 5400.) Labor Code section 5404 provides the general rule for filing applications for compensation: "Unless compensation is paid within the time limited in this chapter for the institution of proceedings for its collection, the right to institute such proceedings is barred. The *timely filing of an application* with the appeals board by any party in interest *for any part of the compensation defined by Section 3207 renders this chapter inoperative as to all further claims* by such party against the defendants therein named *for compensation arising from that injury,* and the right to present such further claims is governed by Sections 5803 to 5805, inclusive." (Italics added.)

Although rehabilitation benefits are considered "compensation" for purposes of Labor Code section 5404, as mentioned above, the one-year limitation for filing for collection of most forms of compensation does not apply to requests

---

[1]Labor Code section 139.5 was enacted by the same act that added the words "including vocational rehabilitation" to Labor Code section 3207 (Stats. 1965, ch. 1513, §§ 44.5 and 52, pp. 3565, 3567). Thus, the failure to broaden "conferred by Division 4" to include benefits conferred by division 1 must have been mere legislative oversight. A contrary reading would render meaningless the additional words "including vocational rehabilitation" in Labor Code section 3207.

for rehabilitation benefits. However, the second sentence of section 5404, by its terms, does apply to rehabilitation benefits by virtue of their inclusion in section 3207's definition of "compensation": "The timely filing of an application . . . for any part of the compensation defined by Section 3207 [disability benefits here] renders this chapter inoperative as to all further claims . . . for compensation [rehabilitation benefits here] arising from that injury, and the right to present such further claims is governed by Sections 5803 to 5805, inclusive." It is true that the rendering of "this chapter" inoperative as to rehabilitation claims is unnecessary because the limitations periods of the chapter do not cover them. However, this does not detract from application of the final phrase: "and the right to present such further claims is governed by Sections 5803 to 5805, inclusive." According to the plain wording of Labor Code section 5404, if a timely application is made for some benefits, the right to present a claim for rehabilitation benefits not initially sought is governed by sections 5803 to 5805, inclusive.

The applicant, Mr. Hansen, presents a complicated argument that Labor Code section 3207 is an antiquated section not intended to limit vocational rehabilitation rights provided in section 139.5. The conclusion of the argument is that rehabilitation benefits are separate and distinct from other benefits and are unlimited by a statute of limitations. However, this reading contradicts the express wording of section 3207 which includes rehabilitation benefits in the definition of "compensation" and the express application of Labor Code section 5404 to compensation "defined by Section 3207." The express wording of the statutes must prevail over the applicant's assertions about implied legislative intent.

■ The final question to be answered is whether the applicant's request for rehabilitation benefits satisfied the requirements of Labor Code sections 5803-5805. Labor Code section 5803 provides: "The appeals board has continuing jurisdiction over all its orders, decisions, and awards made and entered under the provisions of this division. At any time, upon notice and after an opportunity to be heard is given to the parties in interest, the appeals board may rescind, alter, or amend any such order, decision, or award, good cause appearing therefor. [¶] Such power includes the right to review, grant or regrant, diminish, increase or terminate, within the limits prescribed by this division, any compensation awarded, upon the grounds that the disability of the person in whose favor such award was made has either recurred, increased, diminished, or terminated." ■ Labor Code section 5804 provides that "No award of compensation shall be rescinded, altered, or amended after five years from the date of the injury except upon a petition by a party in interest filed within such five years . . . ."

 Petitioner contends that the request for rehabilitation benefits filed on form RB-5 before the Bureau did not constitute a timely petition to reopen under sections 5803 and 5804 and argues that if it did constitute a timely petition, it was not supported by "good cause." Petitioner concludes that the Board therefore erred in granting rehabilitation benefits. The applicant argues that if the five-year limit for reopening does apply, his request to the Bureau complied with the requirements for a petition to reopen.

In adopting a mandatory requirement that the employer offer rehabilitation benefits (Stats. 1974, ch. 1435, § 1, p. 3138), the Legislature contemplated that ordinarily the employee would be identified as needing vocational rehabilitation while still medically temporarily disabled and that initiation of the vocational rehabilitation program would normally begin before the employee's condition became medically stable. (See *Webb* v. *Workers' Comp. Appeals Bd.* (1980) 28 Cal.3d 621, 627, 629, 634 [170 Cal.Rptr. 32, 620 P.2d 618].) Thus, neither legislation nor administrative regulations addressed the precise concerns raised in this petition, involving a request for rehabilitation made after an initial attempt at self-rehabilitation. In determining how pertinent legislation should be applied, we must be mindful of the rule of liberal construction in favor of the employee, which applies to rehabilitation benefits as well as to the rest of the workers' compensation scheme. (*Id.*, at p. 626; *Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230, fn. 6 [110 Cal.Rptr. 144, 514 P.2d 1224].)

*Did the form RB-5 request to the Bureau constitute a timely petition to reopen under sections 5803 and 5804?*

While sections 5803 and 5804 mention a "petition" and notice and opportunity to be heard, they do not direct that the petition be filed before the Board itself or that it take any particular form. Petitioner concedes that California case law has been quite liberal in finding that various documents filed with the Board may be considered as petitions to reopen (*Zurich Ins. Co.* v. *Workmen's Comp. Appeals Bd.* (1973) 9 Cal.3d 848, 852 [109 Cal.Rptr. 211, 512 P.2d 843]; *Bland* v. *Workmen's Comp. App. Bd.* (1970) 3 Cal.3d 324, 330 [90 Cal.Rptr. 431, 475 P.2d 663]; *Beaida* v. *Workmen's Comp. App. Bd.* (1968) 263 Cal.App.2d 204, 208-210 [69 Cal.Rptr. 516]), but argues that that liberality does not extend to documents not filed with the Board.

The difficulty with petitioner's position is that it does not acknowledge the distinct function assigned to the Bureau. Under the authority of Labor Code sections 133, 139.5, and 5307.3, rules and regulations were adopted authorizing the employee to request, on a prescribed form, that the Bureau order the employer to provide rehabilitation services. (Cal. Admin. Code, tit. 8,

§ 10005.) Where disputes arise concerning the employee's eligibility or the propriety of the proposed rehabilitation plan, the Bureau is empowered to issue findings concerning the dispute. (*Id.*, § 10007.) An aggrieved party may then appeal to the Board. (*Id.*, §§ 10008, 10955.) Thus, in the area of rehabilitation benefits, the Bureau operates under the appellate supervision of the Board. Liberal construction dictates that a rehabilitation request filed with the Bureau be considered a petition to reopen within the contemplation of Labor Code sections 5803 and 5804. It is appropriate that the request be made first before the body given the initial dispute resolution assignment.

*Was there a showing of "good cause" as required to reopen award?*

■ Petitioner argues that the Board was without jurisdiction to alter its initial award because there was no showing of good cause to reopen. Petitioner points out that the RB-5 request states no reason why the original award was inadequate and presents no new facts not previously known by the applicant.

"What constitutes 'good cause' depends largely upon the circumstances of each case. The term is relative. . . ." (*Bartlett Hayward Co.* v. *Indus. Acc. Com.* (1928) 203 Cal. 522, 532 [265 P. 195].) "The commission can amend its findings and the award based thereon where there exists some circumstance unknown to the commission at the time it made the original award, which renders such original award inequitable. [Citations.]" (*Pullman Co.* v. *Industrial Acc. Com.* (1946) 28 Cal.2d 379, 388 [170 P.2d 10]; see also *Nicky Blair's Restaurant* v. *Workers' Comp. Appeals Bd.* (1980) 109 Cal.App.3d 941, 956-957 [167 Cal.Rptr. 516].)

Here the original award did not provide rehabilitation benefits, because the applicant did not seek such benefits. The circumstances changed when the applicant's attempt at self-rehabilitation failed. We conclude that it would be inequitable to bar the applicant from seeking rehabilitation benefits because he initially sought to rehabilitate himself.

Our conclusion harmonizes with Labor Code section 139.5, subdivision (c), which provides that "*When* a qualified injured workman *chooses* to enroll in a rehabilitation program, he shall continue to receive temporary disability indemnity payments, . . ." (Italics added.) The injured worker should not be required to seek rehabilitation benefits as part of the initial award upon pain of losing the opportunity for a later request. Rather, he should be permitted to make his choice to enroll at any time during the first five years after the injury.[2]

---

[2]We do not consider what showing must be made to reopen if an applicant actually enrolls in a rehabilitation program, drops out, and then seeks to reenroll. Here the applicant flirted with the rehabilitation idea, but apparently never received the benefits of an employer-provided rehabilitation program.

We conclude that, as a matter of law, his exercise of that choice constitutes "good cause" to reopen the award for a possible addition of rehabilitation benefits.

 The Board adopted the applicant's position that no statute of limitations applied to a request for rehabilitation benefits. As explained above, we disagree with the Board's reasoning, finding that because of Labor Code sections 3207 and 5404, the five-year limitations period prescribed by section 5804 applies. However, because we find as a matter of law that petitioner's request satisfied the requirements of section 5803 and 5804, we agree with the Board's result. The Board's order is affirmed.

Scott, J., and Feinberg, J., concurred.