[No. A044723. First Dist., Div. Four. Jan. 23, 1990.]

LAWRENCE SANCHEZ, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, DELTA
LINES, INC., et al., Respondents.

**COUNSEL**

Ilija Cvetich and Mastagni, Holstedt & Chiurazzi for Petitioner.

T. Kirk McBride and Rucka, O'Boyle, Lombardo & McKenna as Amici Curiae on behalf of Petitioner.

Alex W. McKenzie and Mullen & Filippi for Respondents.

## OPINION

**ANDERSON, P. J.**—Petitioner Lawrence Sanchez (applicant) seeks review of an en banc decision (4-3) of the Workers' Compensation Appeals Board (Board) which found that applicant's initial request for vocational rehabilitation benefits, made within one year of the order approving a compromise and release, but more than five years after the date of injury, was barred by the statute of limitation under Labor Code section 5410.[1] The Board held that section 5405.5,[2] enacted on January 1, 1983, is limited by the five-year limitation provision in section 5410.

Applicant contends, as did three dissenting Board commissioners, that his request for rehabilitation benefits, initially made, is timely under section 5405.5 because it was made within one year of the order approving the compromise and release of other issues. Applicant further contends that section 5405.5 is applicable to his claim for rehabilitation, even though his injury occurred before its effective date, because his claim was not barred when the statute went into effect on January 1, 1983. We concur, and for the reasons discussed below, we annul the Board decision.

### FACTUAL AND PROCEDURAL HISTORY

Applicant was employed as a truck driver by Delta Lines, Inc., which was insured for workers' compensation purposes by Transport Indemnity Company (respondent). Applicant sustained an industrial injury on April 14, 1971, (OAK 55082) to his chest, pelvis, internal organs, neck, and back which resulted in a permanent disability award of 5½ percent.

---

[1] All further statutory references are to the Labor Code unless otherwise specified.

As pertinent, section 5410 reads: "Nothing in this chapter shall bar the right of any injured employee to institute proceedings for the collection of compensation within five years after the date of injury upon the ground that the original injury has caused new and further disability *or the need for vocational rehabilitation benefits.* The jurisdiction of the appeals board in these cases shall be a continuing jurisdiction at all times within this period. . . ." (Italicized portion added by amendment on Jan. 1, 1983.)

[2] Section 5405.5 reads: "Except as otherwise provided in Section 5410, the period within which an employee may request vocational rehabilitation benefits provided by Section 139.5 is one year from the date of the last finding of permanent disability by the appeals board, or one year from the date the appeals board approved a compromise and release of other issues."

On December 1, 1978, applicant sustained another industrial injury (OAK 92934), primarily involving his neck and right arm. By stipulated award dated January 9, 1981, the parties agreed that the injury resulted in a period of temporary disability, need for medical treatment, and no permanent disability.

Applicant underwent a cervical laminectomy in April 1979. He returned to work in July 1979, and continued to work until July 10, 1981, when he was forced to stop as a result of chronic pain and headaches. Subsequently, applicant filed another application (SAC 87562) alleging cumulative injury to his back, neck, arms, legs, and head.

On June 7, 1982, applicant filed a timely petition to reopen OAK 92934 (injury of Dec. 1, 1978), claiming that he had suffered further temporary and permanent disability.

A compromise and release of all three cases totaling $3,750 was approved on September 28, 1983. The order of approval stated specifically that the agreement settled a potential claim for rehabilitation only in SAC 87562, the cumulative injury case.[3]

On September 25, 1984, more than five years after the injury on December 1, 1978, but within one year of the order approving the compromise and release, applicant filed an initial request for rehabilitation benefits with the rehabilitation bureau (Bureau). Mistakenly determining that applicant's right to rehabilitation had been settled in the compromise and release, the Bureau denied applicant's request. Applicant appealed the Bureau order to the Board.

On January 13, 1986, the workers' compensation judge (WCJ) held that the compromise and release did not settle applicant's right to claim rehabilitation in cases OAK 55082 and 92934. However, the WCJ determined that applicant's request for rehabilitation in these cases was barred by the statute of limitation because it was filed after five years had elapsed since both injury dates. The WCJ further held that section 5405.5 was not applicable to injuries sustained before its effective date of January 1, 1983.

The Board granted applicant's petition for reconsideration on April 4, 1986, and issued its decision on November 30, 1988.[4] Initially, the Board

---

[3] In SAC 87562, the workers' compensation judge found that there was a substantial and good faith issue of industrial injury which, if resolved against applicant, would result in the denial of all benefits under *Thomas* v. *Sports Chalet, Inc.* (1977) 42 Cal.Comp.Cases 625.

[4] *Austin* v. *Pacific Bell* (1988) 53 Cal.Comp.Cases 535, was decided concurrently with *Sanchez. Austin* is not before this court on review.

concluded that applicant had no right to request rehabilitation in connection with case OAK 55082 (1971 injury) because the mandatory rehabilitation requirement under section 139.5 does not apply to injuries which occurred prior to January 1, 1975. The Board then held that applicant's claim for rehabilitation in case OAK 92934 was barred by the five-year limitation in section 5410.

On review, we address applicant's right to request rehabilitation benefits only in connection with his injury of December 1, 1978 (OAK 92934).

### STATUTES OF LIMITATION—BACKGROUND

In California, the statutes of limitation consist of several provisions with varying limits of time depending on the particular situation. (§§ 5404-5412.) Section 5405 sets forth the basic time limitation for filing an application for workers' compensation benefits and invoking the Board's original jurisdiction. It provides that the limitation period for normal benefits (medical and disability) is one year from whichever of the following results in the longest period: (a) the date of the injury; (b) the date of the last indemnity payment for temporary or permanent disability; or (c) the date of the last furnishing of any medical or hospital benefits. (2 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d rev. ed. 1988) § 18.03[1], pp. 18-12–18-13.)

When section 5405, subdivision (a), is tolled by the voluntary furnishing of benefits, the five-year rule of section 5410 is in turn triggered. (*Standard Rectifier Corp.* v. *Workmen's Comp. App. Bd.* (1966) 65 Cal.2d 287, 290 [54 Cal.Rptr. 100, 419 P.2d 164].) In other words, after the voluntary furnishing of benefits, section 5410 extends the period within which an original proceeding may be instituted from one to five years on the ground that the injury has resulted in further disability or a need for vocational rehabilitation. (*Id.*, at pp. 290-291; *Pizza Hut of San Diego Inc.* v. *Workers' Comp. Appeals Bd.* (1978) 76 Cal.App.3d 818, 822-824 [143 Cal.Rptr. 131].)

Subdivisions (b) and (c) of section 5405 operate to extend the time for filing original claims beyond the five-year limitation of section 5410 when benefits continue to be paid voluntarily, without award, beyond that five-year period. (*State of California* v. *Ind. Acc. Com.* (*Busch*) (1962) 198 Cal.App.2d 818, 827 [18 Cal.Rptr. 458]; *Subsequent Injuries Fund* v. *Industrial Acc. Com.* (*Ferguson*) (1960) 178 Cal.App.2d 55, 59-61 [2 Cal.Rptr. 646].)

The filing of an initial application for adjudication of claim institutes proceedings for workers' compensation benefits before the Board. (§ 5500.)

The timely filing of an application with the Board for any part of the compensation defined in section 3207, including vocational rehabilitation, renders the statutes of limitation inoperative as to any subsequent proceedings for benefits referable to the same injury. (§ 5404; *Bekins Moving & Storage Co.* v. *Workers' Comp. Appeals Bd.* (1982) 137 Cal.App.3d 665, 668 [187 Cal.Rptr. 226].[5]) All further proceedings are governed by the five-year limitation provided in sections 5410 and 5804.[6] Section 5410 and sections 5803 through 5805,[7] read together, cover the entire spectrum of the Board's continuing jurisdiction. (1 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d rev. ed. 1988) § 9.01[2], pp. 9-5–9-6.)

On January 1, 1983, subsequent to the *Bekins* decision, specific time limitations applicable to requests for vocational rehabilitation benefits under section 139.5 were codified. (§§ 139.5, 5405.5, 5410, 5803; Stats. 1982, ch. 922, §§ 2, 14-16, pp. 3364-3365, 3371-3372.) The Legislature enacted section 5405.5.[8] Section 5803 was amended to give the Board continuing jurisdiction over the decisions and orders of the Bureau under section 139.5, and section 139.5 was amended to provide that requests for rehabilitation are governed by sections 5405.5, 5410, and 5803. (Stats. 1982, ch. 922, §§ 2, 16, pp. 3365, 3372.) Section 5410 was amended to add "vocational rehabilitation," in addition to "new and further disability," as a specific ground for reopening a prior decision, or for initiating an original claim within five years from the date of injury.

---

[5] *Bekins* addressed the question of timeliness of a claim for rehabilitation filed four years and several months after the industrial injury. At the time of the *Bekins* decision, not one of the limitation statutes stated on its face that it applied to requests for vocational rehabilitation under section 139.5. The court held that the Board has jurisdiction to award rehabilitation benefits to an injured employee after a findings and award has issued as to other benefits if the request for rehabilitation is filed within five years after the date of injury. (*Bekins* v. *Workers' Comp. Appeals Bd., supra*, 137 Cal.App.3d at pp. 669-670.) When an application for adjudication is timely filed, determined the court, the right to request further rehabilitation benefits not initially sought is governed by sections 5803 through 5805. (*Id.*, at p. 670.)

[6] As pertinent, section 5804 reads: "No award of compensation shall be rescinded, altered, or amended after five years from the date of injury except upon a petition by a party in interest filed within such five years. . . ."

[7] As pertinent, section 5803 reads: "The appeals board has continuing jurisdiction over all its orders, decisions, and awards . . . *and the decisions and orders of the rehabilitation unit established under Section 139.5.* At any time . . . the appeals board may, rescind, alter, or amend any order, decision or award, good cause appearing therefor. [¶] This power includes the right to review, grant or regrant, diminish, increase, or terminate, within the limits prescribed by this division, any compensation awarded, upon the grounds that the disability . . . has either recurred, increased, diminished, or terminated." (Italicized portion added by amendment on Jan. 1, 1983.)

Section 5805 reads: "Any order, decision, or award rescinding, altering or amending a prior order, decision, or award shall have the effect herein provided for original orders, decisions, and awards."

[8] See footnote 2, *ante.*

## SECTION 5405.5

■ The issue to be addressed is the effect of section 5405.5 on applicant's claim for rehabilitation when it is read together with section 5410 and sections 5803 through 5805.

■ "The construction of a statute and its applicability to a given situation are matters of law . . . that [are] reviewable by the courts." (1 Hanna, *supra*, § 10.08[5], p. 10-42.4.) Thus, while the contemporaneous administrative construction of a statute by the agency charged with its enforcement and interpretation should be given great respect, an erroneous interpretation or application of law is ground for annulment. (*Id.*, at pp. 10-42.4–10-42.5; *Judson Steel Corp.* v. *Workers' Comp. Appeals Bd.* (1978) 22 Cal.3d 658, 668-669 [150 Cal.Rptr. 250, 586 P.2d 564].)

■ Our role is to ascertain the intent of the Legislature so as to effect the purpose of the law. (*Moyers* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].) We should give significance to the specific language of the act, where possible, in pursuit of the legislative purpose. (*Ibid.*) Additionally, we must harmonize the various parts of the statute with the general tenor and scope of the statutory framework as a whole. (*Ibid.*)

■ The Board opines that by failing to distinguish between an original need and a "new and further" need for rehabilitation when it amended section 5410, effective January 1, 1983,[9] the Legislature thereby intended that both original and supplemental claims for rehabilitation benefits are subject to the five-year limitation in section 5410. It is correct that both original and supplemental requests for rehabilitation are subject to the five-year limitation placed upon the Board's continuing jurisdiction by sections 5410 and 5804. However, section 5405.5 also governs the Board's continuing jurisdiction, and, in certain situations, such as the matter before us, expands it to encompass initial or original requests for rehabilitation presented beyond the five-year period where there has been no previous adjudication regarding entitlement.

With the enactment of section 5405.5, the Legislature intended to extend the time within which an injured employee may file an initial request for rehabilitation benefits. This interpretation takes into consideration the location of section 5405.5 in the workers' compensation statutory scheme. In much the same way as subdivisions (b) and (c) of section 5405 operate (see *State of California* v. *Ind. Acc. Com. (Busch)*, *supra*, 198 Cal.App.2d at p.

---

[9] See footnote 1, *ante*.

827; *Subsequent Injuries Fund* v. *Industrial Acc. Com.* (*Ferguson*), *supra*, 178 Cal.App.2d at pp. 59-61), section 5405.5 operates to provide that an initial or original request for rehabilitation may be made after five years from the date of injury, as long as the request for rehabilitation is filed within one year from the last finding of permanent disability or the approval of a compromise and release of other issues.[10] Any other interpretation of section 5405.5 would create aberrant results.

For example, if section 5405.5 serves to bar *all* initial, as well as supplemental, requests for rehabilitation made more than one year from a finding of permanent disability or an order approving a compromise and release, as the Board suggests, then the only conceivable purpose of section 5405.5 would be to bar some requests for rehabilitation even before five years from the date of injury have elapsed.[11] This interpretation is inconsistent with the explicit directive of section 5410 which provides that "[*n*]*othing in this chapter* shall bar the right of any injured employee to institute proceedings . . . within five years after the date of injury upon the ground that the original injury has caused . . . the need for vocational rehabilitation" (§ 5410, italics added), thereby guaranteeing an injured employee at least five years from an injury within which to request rehabilitation benefits.

Furthermore, we agree with the dissenting Board members that the Board's interpretation "would preclude the vocational rehabilitation of employees whose conditions had significantly deteriorated after the one year period of . . . section 5405.5 but within the five year period of . . . section 5410, thereby leaving them in a worse position than they were before the effective date of . . . section 5405.5." (See *Bekins Moving & Storage Co.* v. *Workers' Comp. Appeals Bd., supra,* 137 Cal.App.3d 665; §§ 5803, 5804.) Unquestionably, such a result was not envisioned by the Legislature when it enacted section 5405.5.

Our interpretation of section 5405.5 takes into account the Legislature's reference, "[e]xcept as otherwise provided in [s]ection 5410," on the face of section 5405.5. The Board, however, insists that this language is evidence

---

[10] The Board, as well as respondent, cite *Bekins* as authority for limiting an injured employee's right to request rehabilitation to five years from the date of injury. As previously discussed herein, *Bekins* ascertained the state of the law prior to the enactment of section 5405.5 and the amendments to sections 139.5, 5410, and 5803, which specifically concern rehabilitation. To the extent that *Bekins* may be read *to limit* the time for filing an initial request for rehabilitation benefits to five years from the date of injury, thereby conflicting with section 5405.5, it is no longer persuasive authority.

[11] In certain situations it may be that more than one year will expire after an award of permanent disability or the approval of a compromise and release of other issues within the five-year period. In these situations, an injured employee has a minimum of five years from the date of injury under section 5410 to make a request for rehabilitation benefits.

that the Legislature intended that section 5405.5 would not be applied to extend beyond the five-year period in section 5410. Although subdivisions (b) and (c) of section 5405 extend beyond the five-year period in certain situations, concedes the Board, they do not contain the language, "[e]xcept as otherwise provided in [s]ection 5410." Therefore, the Board concludes, the Legislature did not intend section 5405.5 to operate in the same manner. We disagree. ■ The statement in section 5405.5, "[e]xcept as otherwise provided in [s]ection 5410," was obviously intended *to prevent* the application of section 5405.5 to bar a claim for rehabilitation presented within five years from the date of injury. Indeed, it would be a most peculiar form of judicial reasoning that interprets one statute (§ 5405.5) to be invoked for the purpose of destroying the other (§ 5410).

■ Moreover, the Board's interpretation is irreconcilable with section 139.5, subdivision (e), which expressly provides that the time within which an employee may request rehabilitation is governed by sections 5405.5, 5410, *and* 5803. It also neglects the amendment to section 5803 subjecting orders and decisions of the Bureau to the continuing jurisdiction of the Board.[12]

The Board further declares that an absolute five-year limitation promotes the Legislature's desire that permanent disability should be deferred until an injured employee is both medically *and vocationally* rehabilitated. Thus, the Board implies that resolution of permanent disability must be suspended until rehabilitation is completed, provided the request for rehabilitation benefits is made within the five-year period. This implication is without merit for two important reasons.

First of all, the Board blatantly ignores the express language of section 5405.5 which provides that an initial request for rehabilitation benefits may be made within one year from the date of the *last* finding of permanent disability. ■ The use of the word "last" in this context presumes that if an employee's condition deteriorates after an initial finding of permanent disability, he or she can petition to reopen under section 5410. At that time, he or she can *first* request rehabilitation after the issue of permanent disability has been *redetermined,* provided the request is made within one year thereafter if more than five years have expired since the date of injury. Clearly, the Legislature envisioned situations where the need for rehabilitation is not always apparent prior to a determination regarding permanent disability, or prior to a compromise and release of other issues. Implicit in the notion of reopening a claim under section 5410, is the recognition that some medical conditions do deteriorate, and as such, may result in a need

---

[12]See footnote 7, *ante.*

for rehabilitation that, in fact, was not apparent at the time of the original determination of permanent disability.

Secondly, the Board disregards the practical reality of the very system that it oversees. Permanent disability as a practical matter is determined before the assessment of eligibility for rehabilitation in the majority of cases for several valid reasons. (16 Cal. Workers' Comp. Rptr. (June 1988) p. 133.) The editor of the California Workers' Compensation Reporter states: "For example, the parties may wish to have the value of [permanent disability] set so that the worker can obtain advances to help cope with shortfalls during the rehabilitation process. In other cases, the parties may wish to close everything by way of settlement except rehabilitation and need a [permanent disability] rating to help evaluate the case. . . . In other cases . . . both 'pipelines' are simply underway at the same time, with normal issues headed for adjudication while rehabilitation eligibility is being determined before the Bureau." (*Ibid.*)

■ By interpreting section 5405.5 as we do herein, we recognize the basic policy that section 139.5 seeks to advance—to encourage participation in vocational rehabilitation by industrially injured employees to the fullest extent possible, thereby affording them the means for returning to the productive work force and minimizing society's burden of caring for them and their families. (*LeBoeuf* v. *Workers' Comp. Appeals Bd.* (1983) 34 Cal.3d 234, 244 [193 Cal.Rptr. 547, 666 P.2d 989]; *Moyers* v. *Workmen's Comp. Appeals Bd., supra,* 10 Cal.3d at p. 233.) In the workers' compensation system, vocational rehabilitation is a preferred benefit. Section 5100.6, which prohibits an injured employee from bargaining away his or her entitlement to rehabilitation, illustrates the importance that the Legislature has placed on rehabilitation.[13]

■ Finally, our interpretation is consistent with the rule of liberal construction which applies to rehabilitation benefits as it does to the rest of the workers' compensation scheme. (§ 3202; *Webb* v. *Workers' Comp. Appeals Bd.* (1980) 28 Cal.3d 621, 626 [170 Cal.Rptr. 32, 620 P.2d 618]; *Bekins Moving & Storage Co.* v. *Workers' Comp. Appeals Bd., supra,* 137 Cal.App.3d at p. 671.)

### INJURIES OCCURRING PRIOR TO JANUARY 1, 1983

■ In general, statutes of limitation, being procedural, are retroactively applied to accrued causes of action. (*Aronson* v. *Superior Court* (1987) 191

---

[13] As pertinent, section 5100.6 reads: "[T]he appeals board shall not permit the commutation or settlement of compensation or indemnity payments or other benefits to which the employee is entitled under rehabilitation."

Cal.App.3d 294, 297 [236 Cal.Rptr. 347].) Before the limitation period remedy has expired, the Legislature may amend a particular statute so as to *extend* the time. (*Aetna Cas. & Surety Co.* v. *Ind. Acc. Com.* (1947) 30 Cal.2d 388, 394 [182 P.2d 159]; *Mudd* v. *McColgan* (1947) 30 Cal.2d 463, 468 [183 P.2d 10]; *Davis & McMillan* v. *Industrial Acc. Com.* (1926) 198 Cal. 631, 636 [246 P. 1046, 46 A.L.R. 1095]; see 3 Witkin, Cal. Procedure (3d ed. 1985) Actions, § 330, pp. 359-360.)

In the matter before us, applicant's industrial injury occurred on December 1, 1978. Pursuant to existing law, prior to the enactment of section 5405.5, applicant had until December 1, 1983, five years from the date of injury, to request rehabilitation benefits. (§ 5804; *Bekins Moving & Storage Co.* v. *Workers' Comp. Appeals Bd., supra*, 137 Cal.App.3d at pp. 669-670.) Applicant filed a timely petition to reopen on June 7, 1982, which was still pending on January 1, 1983, the effective date of section 5405.5. Because the Legislature did not expressly except injuries occurring prior to January 1, 1983, applicant's initial request for rehabilitation was timely under section 5405.5. (*Mudd* v. *McColgan, supra*, 30 Cal.2d at p. 468; *Davis & McMillan* v. *Industrial Acc. Com., supra*, 198 Cal. at pp. 636-639.) Section 5405.5 operated to extend his time to initially request rehabilitation benefits to one year from the date of the order approving the compromise and release on September 28, 1983. Therefore, his request for rehabilitation on September 25, 1984, is timely.

 As the Supreme Court explained in *Mudd* v. *McColgan:* "It is the settled law of this state that an amendment which enlarges a period of limitation applies to pending matters where not otherwise expressly excepted. Such legislation affects the remedy and is applicable to matters not already barred, without retroactive effect. Because the operation is prospective rather than retrospective, there is no impairment of vested rights. Moreover, a party has no vested right in the running of a statute of limitation prior to its expiration. He is deemed to suffer no injury if, at the time of an amendment extending the period of limitation for recovery, he is under obligation to pay." (*Mudd* v. *McColgan, supra*, 30 Cal.2d at p. 468; see also *Davis & McMillan* v. *Industrial Acc. Com., supra*, 198 Cal. at pp. 636-639.)

*Davis & McMillan* v. *Industrial Acc. Com., supra*, 198 Cal. 631, is directly on point. In *Davis & McMillan,* employee Pulliam sustained an industrial injury on January 11, 1923. At the time of Pulliam's injury, an injured employee had six months from the date of injury to institute proceedings before the Industrial Accident Commission under former section 11, subdivision (b) (1). Pursuant to subdivision (c), of section 11, voluntary payment of a benefit extended the time to six months from the expiration of the *period* covered by any such payment. Pulliam entered into a compromise

and release on February 15, 1923, and received a sum of $750. According to calculations based on the applicable weekly rate at the time, his limitation period to institute formal proceedings was extended to April 12, 1924. However, he did not institute proceedings for additional benefits until June 17, 1924. The Commission awarded him further benefits. Davis & McMillan sought review, contending that Pulliam's claim was barred by the statute of limitation.

Relying on section 27 which had been enacted on August 17, 1923, the Supreme Court upheld the award for medical treatment. Section 27 extended the time period to institute formal proceedings to collect medical benefits to two years from the date of injury where a compromise and release had been executed for less than the full compensation to which an injured employee was entitled. Because Pulliam's right to commence proceedings was not barred when section 27 was enacted, the court held that it extended his time to file to two years after the date of injury on January 11, 1923. (*Davis & McMillan* v. *Industrial Acc. Com., supra*, 198 Cal. at pp. 631, 639.) Quoting Wood on Limitations, the court declared: " 'If before the statute bar has become complete the statutory period is changed, and no mention is made of existing claims, it is generally held that the old law is not modified by the new so as to give to both statutes a proportional effect; but that the time past is effaced and the new law governs. The period provided by the new law must run on all existing claims in order to constitute a bar.' " (*Id.*, at p. 638.)

We conclude that the Board erred in finding that applicant's initial request for rehabilitation was not timely under section 5405.5. Accordingly, the Board decision is annulled, and the matter is remanded to the Board for further proceedings consistent with the views expressed herein.

Poché, J., and Perley, J., concurred.