[No. B047168, Second Dist., Div. Six. Jan. 7, 1991.]

RUBEN VASQUEZ, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and PACIFIC
BELL TELEPHONE, Respondents.

**COUNSEL**

William A. Herreras for Petitioner.

William B. Donohoe, Neil P. Sullivan, Allen, Rhodes & Sobelsohn and Lawrence F. Nelson, Jr., for Respondents.

**OPINION**

**STONE (S. J.), P. J.**—We review an order of respondent Workers' Compensation Appeals Board (Board) denying reconsideration. We conclude

applicant timely requested rehabilitation by raising the right to rehabilitation in an application that was timely filed with the Board. We further conclude the Board erred in determining applicant is not medically eligible for vocational rehabilitation.

## Factual and Procedural Background

On August 4, 1981, Ruben Vasquez (applicant) filed an application for workers' compensation benefits. In the application he alleged that on June 3, 1981, he sustained industrial injury to his right knee during employment as a messenger and driver (motor messenger) by Pacific Telephone and Telegraph Company (now Pacific Bell) in the San Luis Obispo area. He also alleged the parties had a disagreement regarding Labor Code section 139.5, which provides for rehabilitation benefits to medically eligible workers.[1] Although applicant thus raised his right to rehabilitation in his application with the Board, he never filed a formal request for rehabilitation benefits with the Rehabilitation Bureau (Bureau).

In May 1982, after a period of temporary disability, applicant returned to work for Pacific Bell in San Luis Obispo in his usual occupation as a motor messenger, performing his normal duties.

The parties stipulated applicant sustained industrial injury to his right knee, resulting in 25½ percent permanent disability. In September 1982 the workers' compensation judge (WCJ) awarded permanent disability indemnity pursuant to the stipulations.

In 1984 Pacific Bell transferred applicant to a motor messenger job in San Francisco. Although applicant had the same general duties, the San Francisco motor messenger job was more arduous than the San Luis Obispo job. In the San Francisco job, applicant was required to spend more time standing, walking, bending, stooping, and pushing or pulling heavy objects. In March 1985 he terminated his employment with Pacific Bell.

Applicant subsequently petitioned to reopen on the grounds of new and further disability. He also filed an application in which he alleged he sustained cumulative industrial injury to the right knee and spine during the June 3, 1981, to March 1985 period of his employment.

---

[1] In 1981, the year in which the injury occurred, Labor Code section 139.5, subdivision (c) provided: "When a qualified injured workman chooses to enroll in a rehabilitation program, he shall continue to receive temporary disability indemnity payments, plus additional living expenses necessitated by the rehabilitation program, together with all reasonable and necessary vocational training, at the expense of the employer or the insurance carrier, as the case may be." (Stats. 1976, ch. 428, § 1, p. 1094.)

Although Doctor Barrett stated applicant "was apparently doing quite well" until he left his job with Pacific Bell and obtained construction work, Doctor Barrett did not opine whether applicant was a qualified injured worker.

Doctor Carr found applicant sustained cumulative industrial injury during his employment as a motor messenger by Pacific Bell. Doctor Carr noted that in the San Francisco job applicant was required to carry up to approximately 60 pounds and stand or walk essentially the entire work day. Doctor Carr stated that as a result of the June 3, 1981, injury and cumulative industrial injury, applicant was permanently precluded from lifting anything heavier than 30 pounds, repeated bending and stooping, and prolonged walking on uneven ground or rough terrain. Doctor Carr opined applicant was precluded from working as a motor messenger, because the duties included standing and walking from 6 to 7½ hours a day, lifting 26- to 50-pound boxes 12 to 15 times a day, carrying the boxes 2 to 100 feet, and frequent bending and stooping.

Doctor Strait, the agreed medical examiner, reported applicant's disability had increased after the 1982 award. Doctor Strait found applicant was precluded from heavy lifting, repeated bending, and stooping. Doctor Strait stated applicant was also precluded from standing or walking for more than 3 hours without being able to sit for 10 to 15 minutes.

Doctor Strait opined applicant could do the work required in the San Luis Obispo job but could not perform the duties of the San Francisco job. Doctor Strait explained the San Francisco job was more difficult physically, since it required prolonged standing and walking and frequent squatting. Doctor Strait concluded applicant should therefore receive vocational rehabilitation.

The WCJ instructed the disability evaluator to rate for permanent disability in accordance with Doctor Strait's opinion. The disability evaluator recommended a 20¾ percent permanent disability rating.

The WCJ thereafter granted applicant's petition to reopen. The WCJ found that in addition to the right knee injury, applicant also sustained industrial injuries to the back and right hip on June 3, 1981. He found applicant did not sustain cumulative industrial injury and found no increase in permanent disability.

On April 4, 1989, the Bureau concluded applicant is barred by Labor Code sections 5410 and 5804 from obtaining rehabilitation benefits because "a proper and timely request for rehabilitation benefits was not made before

the Bureau."[2] The Bureau also determined applicant was not medically eligible for rehabilitation benefits. The Bureau stated the agreed medical examiner's opinion that applicant cannot perform the duties of the San Francisco motor messenger job does not entitle applicant to a finding he is medically eligible for rehabilitation, because his usual and customary occupation should be determined based on the duties of that occupation on or before the time of injury. The Bureau opined: "To find the Employee entitled to Labor Code Section 139.5 benefits by virtue of the effects of a modified job provided to the Employee four (4) years after the date of injury, is entirely unreasonable. This logic would then hold all employers perennially liable for Labor Code Section [139.5] benefits when the economic requirements of business called for the demise or modification of jobs!"

Applicant appealed to the WCJ from the Bureau's decision. The WCJ denied the appeal.

In his report on reconsideration, the WCJ stated applicant is not precluded from engaging in his usual and customary occupation. The WCJ reasoned that California Code of Regulations, title 8, chapter 4.5, section

---

[2] In 1981, the year in which the injury occurred, Labor Code section 5410 provided in pertinent part: "Nothing in this chapter shall bar the right of any injured employee to institute proceedings for the collection of compensation within five years after the date of the injury upon the ground that the original injury has caused new and further disability. The jurisdiction of the appeals board in such cases shall be a continuing jurisdiction at all times within such period . . . ." (Stats. 1965, ch. 1513, § 139, p. 3590.)

Labor Code section 5804 provides in pertinent part: "No award of compensation shall be rescinded, altered, or amended after five years from the date of the injury except upon a petition by a party in interest filed within such five years . . . ."

In 1989, the year of the Bureau's decision, Labor Code section 5405.5 provided: "Except as otherwise provided in Section 5410, the period within which an employee may request vocational rehabilitation benefits provided by Section 139.5 is one year from the date of the last finding of permanent disability by the appeals board, or one year from the date the appeals board approved a compromise and release of other issues." (Stats. 1982, ch. 922, § 14, p. 3371.)

In *Sanchez* v. *Workers' Comp. Appeals Bd.* (1990) 217 Cal.App.3d 346 [266 Cal.Rptr. 21], the court held Labor Code section 5405.5 extended the period within which rehabilitation may be requested and the extension was retroactive. (*Sanchez, supra,* at pp. 354-358; accord, *O'Loughlin* v. *Workers' Comp. Appeals Bd.* (1990) 222 Cal.App.3d 1518, 1521-1524 [272 Cal.Rptr. 499].)

Labor Code section 5405.5 was amended as part of the Margolin-Bill Greene Workers' Compensation Reform Act of 1989. (Stats. 1989, ch. 892, § 48, No. 5 Deering's Adv. Legis. Service, p. 2995.) Section 5405.5 currently provides: "Except as otherwise provided in Sections 4644 and 5410, the period within which an employee may request vocational rehabilitation benefits provided by Article 2.6 (commencing with Section 4635) of Part 2 of Chapter 2 is one year from the date of the last finding of permanent disability by the appeals board, or one year from the date the appeals board approved a compromise and release of other issues." Except for section 5410, the provisions to which section 5405.5 currently refers are part of the Margolin-Bill Greene Workers' Compensation Reform Act of 1989. (Stats. 1989, ch. 892, § 33, No. 5 Deering's Adv. Legis. Service, pp. 2980-2986.)

10003, subdivision (c)(1) (rule 10003(c)(1)) does not guarantee usual and customary employment with the same employer a worker had at the time of injury. The WCJ did not address the contention that applicant's request for rehabilitation benefits was timely.

The Board adopted the WCJ's report and denied reconsideration.

## DISCUSSION

■ Applicant contends Labor Code sections 5410 and 5804 do not bar his request for rehabilitation benefits, because he requested rehabilitation benefits in a timely filed application. ■ He further contends he is medically eligible for rehabilitation because as a result of the industrial injury he is permanently precluded from engaging in his usual and customary occupation.

### 1. *Statute of Limitations*

■ In *Wood* v. *Aetna Ins. Co.* (1988) 83 SBA 40766, 17 Cal. Workers' Comp. Rptr. 17, 18, the Board determined that since the applicant raised his entitlement to rehabilitation benefits in a timely application filed with the Board and the issue was still pending, the failure to file a request for rehabilitation benefits with the Bureau within five years after the date of injury did not prevent an award of rehabilitation benefits. (See Cal. Workers' Compensation Practice (Cont.Ed.Bar Supp. 1989) Vocational Rehabilitation, § 15.31, p. 87.) The Board concluded that former California Administrative Code, title 8, chapter 4.5, section 10007.1 (former rule 10007.1) (now Cal. Code Regs., tit. 8, ch. 4.5, § 10013 [rule 10013]) did not require an applicant to file a timely request for rehabilitation benefits with the Bureau. The Board explained former rule 10007.1 only specified the appropriate forum to initially determine entitlement to vocational rehabilitation services.[3] Since applicant's request for rehabilitation benefits was made in a

---

[3] On the date of injury, former rule 10007.1 provided: "(a) All matters regarding the provision of vocational rehabilitation services shall be submitted initially to the Bureau except as otherwise provided by this section. [¶] (b) Where the question of entitlement to vocational rehabilitation services is first raised before a workers' compensation judge and there are good faith issues which, if resolved against the employee, would defeat his or her right to all compensation, the judge shall determine the issues and, if appropriate, then refer the question of entitlement to vocational rehabilitation services to the Bureau. [¶] (c) Where the question of entitlement to vocational rehabilitation services is first raised before a workers' compensation judge and there are no issues which would bar the employee's right to compensation, the judge shall refer the question of entitlement to vocational rehabilitation services to the Bureau for its recommendations before entering a finding, decision or award on the issue of vocational rehabilitation." (Cal. Admin. Register, Register 81, No. 25.)

Present rule 10013 has essentially the same language.

timely application to the Board, we conclude the request is not barred by Labor Code sections 5410 and 5804. (Lab. Code, § 5405; former rule 10007.1; *Wood* v. *Aetna Ins. Co.*, *supra*, 83 SBA 40766, 17 Cal. Workers' Comp. Rptr. at p. 18; Cal. Workers' Compensation Practice, *supra*, (Supp. 1989) Vocational Rehabilitation, § 15.31, p. 87.) Moreover, the request was made before expiration of the one-year period following the last finding of permanent disability and was thus timely under Labor Code section 5405.5. (*Sanchez* v. *Workers' Comp. Appeals Bd.*, *supra*, 217 Cal.App.3d at pp. 354-358; *O'Loughlin* v. *Workers' Comp. Appeals Bd.*, *supra*, 222 Cal.App.3d at pp. 1521-1524.)

2. *Medical Eligibility for Vocational Rehabilitation*

 Rule 10003(c) provides in pertinent part: " 'Qualified injured worker' means an employee: [¶] (1) The effects of whose injury, whether or not combined with the effects of a prior injury or disability, if any, permanently preclude, or are likely to preclude the employee from engaging in his or her usual and customary occupation or the position in which he or she was engaged at the time of injury (hereinafter referred to as 'medical eligibility'); and [¶] (2) Who can reasonably be expected to return to suitable gainful employment through the provision of vocational rehabilitation services (hereinafter referred to as 'vocational eligibility')."

In *Doherty* v. *Pacific Employers Ins. Co.* (1983) 80 SF 281-856, 11 Cal. Workers' Comp. Rptr. 92, the applicant sustained industrial injury during employment as a warehouseman. After the injury the applicant was able to perform his duties because they were less physically demanding than other warehouseman jobs. When his union assigned him to other warehouseman jobs, he could not perform the rigorous duties required. The Board determined that, although it was fortuitous the applicant maintained a job with lighter duties for a long time, he was a qualified injured worker because he could not perform all duties required in his usual and customary occupation. (See 1A Hanna, Cal. Law of Employee Injuries & Workmen's Compensation (2d ed. 1990) Rehabilitation, § 19.03[1][a], p. 19-20 [employee who cannot perform entire spectrum of duties of usual and customary occupation is qualified injured worker if vocationally eligible for rehabilitation].)

We find the Board's analysis in *Doherty* more persuasive than the reasoning of the Board and Bureau in the present case. The Board's conclusion in *Doherty* is a reasonable construction of the disjunctive language in rule 10003, since it recognizes a distinction between the usual and customary occupation and the position in which the employee was engaged at the time of the injury. (See *White* v. *County of Sacramento* (1982) 31 Cal.3d 676, 680

[183 Cal.Rptr. 520, 646 P.2d 191]; *County of Los Angeles* v. *Workers' Comp. Appeals Bd.* (*Conroy*) (1981) 30 Cal.3d 391, 398 [179 Cal.Rptr. 214, 637 P.2d 681].) In the present case, the Bureau and Board treated both terms as synonymous. *Doherty* is also consistent with the requirement that all aspects of workers' compensation law, including vocational rehabilitation, be liberally construed in favor of the injured worker. (*Webb* v. *Workers' Comp. Appeals Bd.* (1980) 28 Cal.3d 621, 626-627 [170 Cal.Rptr. 32, 620 P.2d 618]; *Montenegro* v. *Hunt Wesson Foods* (1980) 77 SAC 55181, 9 Cal. Workers' Comp. Rptr. 45 [statutory rule of liberal construction (Lab. Code, § 3202) must be applied in construing rule 10003].)

In the present case the agreed medical examiner concluded applicant cannot perform all duties of his usual and customary occupation. In determining applicant is not medically eligible for rehabilitation, the WCJ and Board relied on the opinion of the agreed medical examiner. Because the agreed medical examiner found applicant was not capable of performing the duties of his usual and customary occupation when the duties were heavier than those of the job he had on the date of injury and the Board relied on the agreed medical examiner's opinion in finding lack of medical eligibility, we conclude the Board erred in determining applicant is not medically eligible for vocational rehabilitation. (Rule 10003(c)(1); *Doherty* v. *Pacific Employers Ins. Co.*, *supra*, 80 SF 281-856, 11 Cal. Workers' Comp. Rptr. 92; see 1A Hanna, Cal. Law of Employee Injuries & Workmen's Compensation, *supra*, Rehabilitation, § 19.03[1][a], p. 19-20.)

## DISPOSITION

The December 1, 1989, order of respondent Workers' Compensation Appeals Board denying reconsideration is annulled, and the matter is remanded to the Board for proceedings consistent with the views expressed herein.

Gilbert, J., and Abbe, J.,* concurred.

A petition for a rehearing was denied January 31, 1991, and respondents' petition for review by the Supreme Court was denied March 20, 1991.

---

* Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.