[No. A053807. First Dist., Div. Three. Feb. 11, 1992.]

DAVID A. R. ROBERTS, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and GEORGIA
PACIFIC CORPORATION, Respondents.

COUNSEL

Isaac Fluss for Petitioner.

James T. Ponzio, Mullen & Filippi and William B. Donohoe for Respondents.

OPINION

WHITE, P. J.—Petitioner David A. R. Roberts (applicant) seeks review of a decision from respondent Workers' Compensation Appeals Board (Board), which held that his request for vocational rehabilitation (hereafter rehabilitation) benefits, made more than five years after the date of his industrial injury, was barred by the statute of limitations under Labor Code[1] section 5410.[2] We conclude that applicant's request for rehabilitation was an initial request pursuant to *Sanchez* v. *Workers' Comp. Appeals Bd.* (1990) 217

---

[1]All further statutory references are to the Labor Code unless otherwise specified.

[2]In 1989 when applicant requested rehabilitation, section 5410 provided, as pertinent: "Nothing in this chapter shall bar the right of any injured employee to institute proceedings

Cal.App.3d 346 [266 Cal.Rptr. 21], and *Youngblood* v. *Workers' Comp. Appeals Bd.* (1989) 216 Cal.App.3d 764 [265 Cal.Rptr. 211]. Accordingly, section 5405.5[3] is the applicable statute of limitations. We find, therefore, that the request for rehabilitation, made within one year of the order approving the compromise and release of other issues, was timely.

## BACKGROUND

On May 15, 1986, applicant filed an application for adjudication of claim (hereafter application) with the Board, alleging that he sustained an industrial injury to his spine on June 20, 1983, while employed as a laborer by respondent Georgia Pacific Corporation (GPC). Paragraph 9 of the Board-issued application form directs injured employees to check specifically listed benefits in dispute.[4] Applicant checked all of the benefits listed, including "Rehabilitation."[5]

On May 20, 1986, applicant sent GPC a letter, stating, as pertinent: "Demand is hereby made upon defendants to furnish rehabilitation benefits forthwith. Please appoint a rehabilitation counselor to contact the injured employee without delay." GPC did not provide rehabilitation. Applicant did not initiate proceedings before the Rehabilitation Bureau (Bureau) or further pursue rehabilitation benefits at that time.

On August 15, 1988, the matter proceeded to conference before workers' compensation judge (WCJ) David A. Applen in Santa Rosa regarding applicant's entitlement to workers' compensation benefits other than rehabilitation. The parties negotiated settlement and filed a compromise and release for a total of $6,000 on the same date.[6] Upon review of the medical evidence, the WCJ determined that the compromise and release sum was reasonable, and issued an order of approval on August 16, 1988.

---

for the collection of compensation within five years after the date of the injury upon the ground that the original injury has caused new and further disability or the need for vocational rehabilitation benefits. The jurisdiction of the appeals board in these cases shall be a continuing jurisdiction at all times within this period."

[3]In 1989, section 5405.5 provided, as pertinent: "Except as otherwise provided in Section 5410, the period within which an employee may request vocational rehabilitation benefits provided by Section 139.5 is one year from the date of the last finding of permanent disability by the appeals board, or one year from the date of the appeals board approved a compromise and release of other issues."

[4]Paragraph 9 reads: "This application is filed because of a disagreement regarding liability for: Temporary disability indemnity; Permanent disability indemnity; Reimbursement for medical expense; Medical treatment; Compensation at proper rate; Rehabilitation; Other."

[5]Under "Other," applicant specified, as follows: "All to which entitled."

[6]Regarding rehabilitation, the compromise and release agreement provided: "5. . . . Unless otherwise expressly ordered by a workers' compensation judge, approval of this agreement does not release any claim applicant may now or hereafter have for rehabilitation or benefits in connection with rehabilitation. . . . [¶] 10. Reason for Compromise, special

On April 21, 1989, applicant wrote to GPC and requested rehabilitation benefits and services. GPC refused, and on May 2, 1989, filed a "Request for Dispute Resolution" (DIA Form RB-103) with the Bureau, objecting to rehabilitation on the grounds that applicant's request was untimely. On May 3, 1989, more than five years after the date of injury, but within one year of the date of approval of the compromise and release, applicant filed a "Request for Order of Rehabilitation Benefits" (DIA Form RB-104) and a "Case Initiation Document" (DIA Form RB-101), thereby initiating rehabilitation proceedings before the Bureau.

On June 8, 1989, the Bureau issued an order deferring action regarding applicant's entitlement to rehabilitation. Specifically, the Bureau placed applicant's file "in inactive status," pending Board resolution of the statute of limitations issue raised by GPC.

On June 23, 1989, applicant filed with the Board a "Petition to Reopen to Rule on Issue Deferred by Rehabilitation Bureau." The matter was heard before WCJ James D. Hendy in Santa Rosa on July 25, 1990. On January 23, 1991, WCJ Hendy denied applicant's petition on the grounds that it was barred by the five-year statute of limitation under section 5410. The WCJ stated that section 5405.5 did not apply because applicant's request for rehabilitation was not an initial request.

On February 19, 1991, applicant petitioned for reconsideration. On April 19, 1991, the Board issued its opinion denying reconsideration. Citing *Sanchez* v. *Workers' Comp. Appeals Bd., supra,* 217 Cal.App.3d 346 (*Sanchez*), and *Youngblood* v. *Workers' Comp. Appeals Bd., supra,* 216 Cal.App.3d 764 (*Youngblood*), the Board opined that section 5405.5 applies "only to initial requests for vocational rehabilitation and, thus, non-original requests for rehabilitation must be made within five years from the date of injury as provided by . . . section 5410." Applicant made his initial claim for rehabilitation, the Board determined, when he filed the application and placed a check mark next to "Rehabilitation" in paragraph 9 indicating that rehabilitation was a disputed issue. In May 1989, when applicant in fact initiated proceedings before the Bureau, stated the Board, he was making his second request for rehabilitation. The Board concluded that section 5405.5 did not apply. Because applicant's request to the Bureau was made "almost six years subsequent to the date of his injury," reasoned the Board, the WCJ correctly held that it was barred by the five-year statute of limitations under section 5410.

---

provisions regarding rehabilitation . . . . : There exists serious dispute as to nature and extent of disability, need for and value of vocational rehabilitation. Applicant does not request vocational rehabilitation at this time and all retroactive VRTD [vocational rehabilitation temporary disability] is encompassed within this settlement."

On June 3, 1991, applicant timely sought review in this court. On June 27, 1991, GPC filed its answer.

Discussion

*1. Statute of Limitations*

■ Timely filing of an application invokes the Board's *original* jurisdiction to determine liability for *all* "compensation" benefits, including rehabilitation (§§ 5500, 3207), and renders the statute of limitations (§ 5405) inoperative as to all subsequent proceedings for benefits referable to the same injury. (§ 5404; *Sanchez, supra,* 217 Cal.App.3d at p. 353.) Upon resolution of a claim initiated by an application, all further proceedings are governed under the Board's *continuing* jurisdictional powers set forth in sections 5405.5, 5410, and 5803-5805.[7] (*Sanchez, supra,* at pp. 353-354.)

■ In the matter before this court, applicant timely filed an application invoking the Board's original jurisdiction. Upon resolution of the underlying claim by compromise and release, the subsequent request to the Bureau for resolution regarding entitlement to rehabilitation benefits was subject to the time limitations placed on the Board's continuing jurisdiction. We must determine whether this request was an initial request, subject to section 5405.5, or whether the check mark placed next to "Rehabilitation" in paragraph 9 of the application renders it a supplemental request, subject to section 5410.

Section 5405.5, effective January 1, 1983, was first interpreted by Division Four of this district in *Sanchez, supra,* 217 Cal.App.3d 346, and *Youngblood, supra,* 216 Cal.App.3d 764. Both cases held that section 5405.5 operates to extend the time for filing an initial or original request for rehabilitation beyond five years from the date of injury, as long as the request is filed within one year from the Board's last finding of permanent

---

[7]In 1989, section 5803 provided, as pertinent: "The appeals board has continuing jurisdiction over all its orders, decisions, and awards made and entered under the provisions of this division, and the decisions and orders of the rehabilitation unit established under Section 139.5. . . . [¶] This power includes the right to review, grant or regrant, diminish, increase, or terminate, within the limits prescribed by this division, any compensation awarded, upon the grounds that the disability of the person in whose favor the award was made has either recurred, increased, diminished, or terminated."

In 1989, section 5804 provided, as pertinent: "No award of compensation shall be rescinded, altered, or amended after five years from the date of injury except upon a petition by a party in interest filed within such five years . . . ."

In 1989, section 5805 provided: "Any order, decision, or award rescinding, altering or amending a prior order, decision, or award shall have the effect herein provided for original orders, decisions, and awards."

disability, or within one year from the date of Board approval of a compromise and release of other issues. (*Sanchez, supra*, 217 Cal.App.3d at pp. 354-355; *Youngblood, supra*, 216 Cal.App.3d at p. 772; accord, *O'Loughlin* v. *Workers' Comp. Appeals Bd.* (1990) 222 Cal.App.3d 1518, 1521-1522 [272 Cal.Rptr. 499].) What constitutes an initial or original rehabilitation request was discussed in each case.

In *Youngblood*, employee Youngblood's entitlement to rehabilitation benefits was presented to and adjudicated by the Bureau, prior to the disputed subsequent request, made more than five years after the date of injury. The Bureau originally determined that Youngblood was not entitled to rehabilitation because he was not medically qualified. (See Cal. Code Regs., tit. 8, § 10003, subd. (c)(1).) This decision was not challenged at the time and became final. (Cal. Code Regs., tit. 8, § 10014, subd. (e).)

Subsequent to the first Bureau decision, Youngblood filed a timely petition to reopen his compensation case before the Board under section 5410 when his medical condition worsened. At that time, the medical evidence also indicated that Youngblood was unable to return to his customary job and might require rehabilitation. Youngblood, however, neglected to plead rehabilitation in the petition to reopen. Furthermore, he neither amended the petition, nor raised the issue of rehabilitation in any of the conferences or hearings before the Board. He also failed to seek Bureau resolution regarding entitlement while the petition to reopen was pending. Finally, when the proceedings, initiated by the petition to reopen, ultimately concluded by final Board order, Youngblood did not request that the Board reserve jurisdiction beyond the five-year period to adjudicate, if necessary, future rehabilitation entitlement.[8]

When Youngblood later requested rehabilitation beyond five years from the date of injury, the Board held that section 5410 barred the request. On review, Youngblood argued that his request was timely. Section 5405.5, he claimed, applied to his second request for rehabilitation because, although

---

[8]What constitutes a reservation of jurisdiction, as such, is exemplified in the following cases: *Poole* v. *Workers' Comp. Appeals Bd.* (1989) 211 Cal.App.3d 694, 697 [259 Cal.Rptr. 564] (Bureau order suspending rehabilitation was implicit reservation of jurisdiction to award further rehabilitation); *Langford* v. *Workers' Comp. Appeals Bd.* (1991) 56 Cal.Comp.Cases 138 (writ den.; request after five years barred after failure to timely reject to request for case closure); *Reynolds* v. *Workers' Comp. Appeals Bd.* (1990) 55 Cal.Comp.Cases 3 (writ den.; request after five years barred because Bureau order retiring file did not reserve jurisdiction); *Sierra Vista Hospital* v. *Workers' Comp. Appeals Bd.* (1985) 50 Cal.Comp.Cases 208 (writ den.; request after five years not barred where Bureau's earlier order of suspension impliedly reserved jurisdiction); *Owens-Illinois, Inc.* v. *Workers' Comp. Appeals Bd.* (1983) 48 Cal.Comp. Cases 886 (writ den.; claim after five years not barred where Bureau reserved jurisdiction in suspension order to determine future request).

the request was made more than five years from the date of injury, it nevertheless was presented within one year of the date of the last finding of permanent disability in connection with the petition to reopen.

The court rejected Youngblood's argument, opining, as pertinent: "We concur with the Board's determination that section 5405.5 was enacted as a statute of limitation for initial or original requests for rehabilitation benefits *where entitlement to such has not been previously adjudicated.* . . . [¶] . . . [A]pplicant's request for rehabilitation is not timely. It was not an initial request. *Once the Bureau adjudicated the issue of applicant's entitlement to rehabilitation* . . . , *all further proceedings regarding rehabilitation were subject to the five-year limitation under sections 5410* and 5804." (*Youngblood, supra,* 216 Cal.App.3d at pp. 772-773, italics added.)

In *Sanchez,* decided shortly after *Youngblood,* employee Sanchez made an initial request to the Bureau for rehabilitation more than five years after the date of his injury, but within one year of the order approving a compromise and release of other issues. When the request was made, entitlement had not been adjudicated. The Board, sitting in bank, held in a 4-3 decision that the request for rehabilitation was barred, concluding that section 5405.5 was limited by the five-year statute of limitations proviso in section 5410.

The Board was reversed on review. As pertinent, the court expounded: "It is correct that both original and supplemental requests for rehabilitation are subject to the five-year limitation placed upon the Board's continuing jurisdiction by sections 5410 and 5804. However, section 5405.5 also governs the Board's continuing jurisdiction, and in certain situations . . . expands it to encompass initial or original requests for rehabilitation presented beyond the five-year period *where there has been no previous adjudication regarding entitlement.*" (*Sanchez, supra,* 217 Cal.App.3d at p. 354, italics added.)

Here, the Board takes the position that applicant "initially" requested rehabilitation when he filed the application by the mere act of placing a check mark next to "Rehabilitation," thereby indicating that it was a disputed issue. Thus, the later request to the Bureau, concludes the Board, was not an initial request under *Youngblood* and *Sanchez*; as such, it was subject to the five-year time limitation in section 5410. This position, however, is discernibly irreconcilable with *Youngblood* and *Sanchez,* and clearly erroneous.

It is undisputed that applicant did not pursue rehabilitation benefits before the Bureau (see Cal. Code Regs., tit. 8, § 10014, subd. (a)) prior to the issuance of the order approving the compromise and release agreement. Moreover, neither the Bureau nor the Board previously had adjudicated the

issue of applicant's entitlement to rehabilitation. (See Cal. Code Regs., tit. 8, §§ 10013-10014.) Unequivocally, *Youngblood* and *Sanchez* hold that a rehabilitation request, presented subsequent to the resolution of the underlying compensation claim, is an initial or original request where entitlement has not been resolved by prior Bureau or Board action. (*Sanchez, supra*, 217 Cal.App.3d at p. 354; *Youngblood, supra*, 216 Cal.App.3d at p. 772.) Whether or not an injured employee indicates in an application filed with the Board that rehabilitation is a disputed issue is irrelevant. In the instant case, the Board's continuing jurisdiction to adjudicate claims for rehabilitation benefits is subject to the statute of limitations in section 5405.5. (*Ibid.*) Thus, applicant's rehabilitation request made to the Bureau on May 3, 1989, within one year of the order approving the compromise and release, is timely under section 5405.5.

### 2. *Vasquez v. Workers' Comp. Appeals Bd.*

Citing a case from the Second District, *Vasquez v. Workers' Comp. Appeals Bd.* (1991) 226 Cal.App.3d 867 [277 Cal.Rptr. 102] (*Vasquez*),[9] GPC argues that applicant's request for rehabilitation was "nothing but a renewal of the earlier request" made in the application and, therefore, barred by section 5410. *Vasquez*, contends GPC, directs that an original request for rehabilitation is made any time an injured employee indicates in an application for adjudication of claim that rehabilitation is a disputed issue. We disagree. Neither *Vasquez* nor *Wood, supra*, the Board case relied on by *Vasquez*, influences our decision.

---

[9]Employee Vasquez sustained an industrial knee injury while working for Pacific Bell on August 4, 1981. He filed an application with the Board, indicating among other issues, a dispute regarding rehabilitation entitlement. He did not file a formal request for rehabilitation with the Bureau. His compensation case was resolved by a stipulated award of permanent disability. In March 1985, he filed a petition to reopen the knee claim, as well as a new application alleging additional industrial injuries on a cumulative basis to his knee and back. The Board granted the petition to reopen. It found that Vasquez sustained a specific back and hip injury on June 3, 1981, did not sustain cumulative injuries, and had no increase in his ratable permanent disability. Sometime thereafter, within one year of the Board award, but more than five years after the date of injury, Vasquez requested rehabilitation. The Bureau denied the request, finding in part that it was barred under sections 5410 and 5804. The Board upheld the Bureau on other grounds and did not address the statute of limitations issue.

On review, relying solely on a Board panel case, *Taft Electric and Aetna Ins. Co. v. Workers' Comp. Appeals Bd.* [*Wood*] (1989) 54 Cal.Comp.Cases 133 (writ den.), 17 Cal. Workers' Comp. Rptr. 17, the Second District Court of Appeal reversed. The court held that the request for rehabilitation was not barred by the five-year time limitation of sections 5410 and 5804. (*Vasquez, supra*, 226 Cal.App.3d at pp. 872-873.) The court emphasized two factors. One, Vasquez raised the issue of his entitlement to rehabilitation in a timely filed application with the Board. Two, the issue had not been resolved and was still pending. Thus, the failure to file a request for rehabilitation with the Bureau within five years after the date of injury did not trigger the statute of limitations. (*Ibid.*)

Furthermore, to the extent that either case suggests that the act of designating rehabilitation as a disputed issue in paragraph 9 of a timely filed application indefinitely tolls the statutory time limitations placed on the Board's continuing jurisdiction, it is an incorrect statement of law. *Vasquez* does not insulate an injured employee from the jurisdictional time limitation of section 5405.5 solely because the issue of rehabilitation entitlement remains unresolved. Once the application is decided by findings and award, or compromise and release as was the case in *Vasquez,* all further proceedings, including a request for adjudication of rehabilitation entitlement, are subject to the time limitations governing the Board's continuing jurisdiction contained in sections 5405.5, 5410, and 5803-5805. (*Sanchez, supra,* 217 Cal.App.3d at pp. 352-353.)

Moreover, the result reached by the court in *Vasquez* was consistent with *Sanchez* and *Youngblood.* The rehabilitation request was timely under section 5405.5 because it was presented initially within one year of the last finding of permanent disability. Although a petition to reopen had been filed and resolved by final order without addressing rehabilitation, unlike *Youngblood,* entitlement to rehabilitation previously had not been adjudicated. (*Youngblood, supra,* 216 Cal.App.3d at p. 773.) In fact, citing *Sanchez, Vasquez* opined that the rehabilitation request "was made before expiration of the one-year period following the last finding of permanent disability and was thus timely under Labor Code section 5405.5." (*Vasquez, supra,* 226 Cal.App.3d at p. 873.)

GPC's reliance on *Vasquez* is misplaced. *Vasquez* does not limit *Youngblood* or *Sanchez.* Prior Bureau or Board adjudication regarding rehabilitation entitlement is required before section 5410 can be applied to bar a request for rehabilitation benefits, otherwise timely under section 5405.5.

CONCLUSION

The Board erroneously applied section 5410 to bar applicant's request for rehabilitation filed on May 3, 1989. The request, initially made within one year of the order approving compromise and release, was timely under section 5405.5. Accordingly, the Board decision is annulled, and the matter is remanded to the Board for further proceedings consistent with the views expressed herein.

Chin, J., and Werdegar, J., concurred.