[No. B060217. Second Dist., Div. Six. June 17, 1992.]

VICENTE BELMONTEZ, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, IKEDA BROTHERS
et al., Respondents.

---

COUNSEL

William A. Herreras for Petitioner.

Dennis J. Hershewe for Respondents.

---

OPINION

STONE (S. J.), P. J.—We consider whether the Workers' Compensation Appeals Board (Board) properly denied workers' compensation applicant Vicente Belmontez retroactive vocational rehabilitation temporary disability benefits (VRTD) from February 13, 1988, to April 19, 1989, that were ordered by the workers' compensation judge (WCJ). As we shall explain, we have concluded that the Board's determination was erroneous and that the WCJ properly awarded applicant Belmontez the retroactive VRTD. Also before us are the questions of whether the issue of retroactive VRTD is reviewable by this court, whether the employer's insurer is entitled to an award of sanctions and attorney fees, and, finally, whether applicant is entitled to the costs incurred in litigating this petition for writ of review.

### FACTUAL AND PROCEDURAL BACKGROUND

The procedural history in this case is lengthy. Applicant, Vicente Belmontez, sustained an admitted industrial injury to his low back on August 12, 1987, during employment as a farm laborer by Ikeda Brothers, which was insured for workers' compensation by Pan American Underwriters (now Paula Insurance). As a result of the injury, he did not return to work. He has completed vocational retraining as an electronic repairman.

On September 18, 1987, applicant, represented by counsel, filed an application with the Board seeking workers' compensation benefits. He alleged that the application was filed because of a disagreement regarding liability for the usual workers' compensation benefits and entitlement to rehabilitation. The next month Dr. Judith Willis reported that if computerized tomography (CT) and magnetic resonance imaging (MRI) scans did not "reveal a surgical lesion," applicant was precluded from heavy lifting and repeated bending and stooping. She stated applicant could not return to his prior work

as a laborer because the work required repetitive bending and lifting of 90-pound crates of lettuce and cabbage. Both the CT scan and the MRI scan had previously been performed and were normal.

On December 10, 1987, Dr. Thor Gjerdrum, applicant's treating physician, concluded applicant was permanently precluded from prolonged sitting, bending, and stooping and should undergo a "work hardening" program. Later that month Dr. Anthony Trippi reported applicant could return to his usual and customary work. On January 6, 1988, Dr. Gjerdrum reported applicant should be retrained. That same month the employer prepared an analysis of applicant's job. On February 3, 1988, applicant signed the job analysis. His attorney signed the job analysis on February 8, 1988. The job analysis stated applicant's job required frequent lifting of boxes weighing from 20 to 85 pounds and frequent bending or stooping.

On March 7, 1988, Dr. Gjerdrum recommended vocational rehabilitation, explaining it was very unlikely applicant's condition would substantially improve. Later that month Dr. Norman Kramer opined applicant was permanently restricted to semisedentary work and needed vocational rehabilitation. In April and June 1988, applicant filed declarations of readiness with the Board. He listed permanent disability but not vocational rehabilitation as an issue, and he did not request the rehabilitation bureau to evaluate his eligibility for rehabilitation or to order the defendants, the employer and its insurer, to provide rehabilitation benefits. However, he listed as an issue "all benefits of Labor Code."

On August 24, 1988, Dr. Hugh Greer, the agreed medical examiner (AME), reported applicant was permanently precluded from heavy lifting and his condition had become permanent and stationary on February 12, 1988. The AME did not state whether applicant needed vocational rehabilitation. The WCJ issued rating instructions based on Dr. Greer's report. In late December 1988, the WCJ adopted the disability evaluator's recommendation, finding applicant 22 percent permanently disabled. The WCJ also found medical temporary disability indemnity was payable for the September 20, 1987, through February 12, 1988, period.

On April 20, 1989, applicant filed with the rehabilitation bureau (Bureau) a request for dispute resolution as to applicant's medical eligibility for rehabilitation services. The request was dated April 20, 1989. Applicant stated that in March 1989 the defendants had refused to provide these

services. Defendants requested closure, asserting applicant was not a qualified injured worker (QIW)[1] or he had refused to cooperate in efforts to evaluate his eligibility for rehabilitation services. On May 17, 1989, applicant filed a case initiation document dated May 9, 1989, with the Bureau.

On September 5, 1989, the WCJ approved a stipulation that the defendants would pay VRTD from May 9, 1989, through the date of an examination scheduled with the AME and the issue of retroactive VRTD would be remanded to the Bureau. The AME subsequently reported applicant's condition was unchanged from August 24, 1988. The AME concluded applicant was medically precluded from returning to his job with the employer because the duties exceeded applicant's work restriction.

Thereafter, the Bureau found applicant was medically eligible for rehabilitation services. The Bureau ordered retroactive VRTD from February 13, 1988, the date after conclusion of medical temporary disability indemnity. Relying on *Wood* v. *Aetna Ins. Co.* (1988) 83 SBA 40766, 17 Cal. Workers' Comp. Rptr. 17, rehabilitation consultant Edgar Breffitt construed the application filed with the Board as the operative request for rehabilitation services, and stated applicant had established a prima facie case of medical eligibility. The insurance company appealed to the WCJ from the Bureau's decision. The insurance company contended, among other things, that applicant's first request for rehabilitation was the case initiation document. Since that was dated May 9, 1989, the insurance company claimed not to be responsible for the payment of VRTD from February 13, 1988.

At the hearing on the insurer's appeal, consultant Breffitt stated he relied on the reports of the AME and Drs. Gjerdrum, Kramer, and Willis and the WCJ's finding as to the level of permanent disability. Consultant Breffitt testified that the request for dispute resolution was the first rehabilitation request filed with the Bureau. Consultant Breffitt stated that applicant did not need to file an RB-104, a formal request for rehabilitation services.

The WCJ upheld the Bureau, concluding rehabilitation was placed in issue by the application form filed September 18, 1987, a prima facie case of QIW status was established before February 12, 1988, and QIW status was confirmed by the AME. The WCJ also found defendants breached their duty to notify applicant of his potential right to rehabilitation.

---

[1]California Code of Regulations, title 8, chapter 4.5, section 10003, subdivision (c), provides: "(c) 'Qualified injured worker' means an employee: [¶] (1) The effect of whose injury, whether or not combined with the effects of a prior injury or disability, if any, permanently preclude, or are likely to preclude the employee from engaging in his or her usual and customary occupation or the position in which he or she was engaged at the time of injury (hereinafter referred to as 'medical eligibility'); and [¶] (2) Who can reasonably be expected to return to suitable gainful employment through the provision of vocational rehabilitation services (hereinafter referred to as 'vocational eligibility')."

The insurer petitioned for reconsideration, contending applicant's first request for rehabilitation was made on April 20, 1989, when applicant filed the request for dispute resolution with the Bureau. The insurer also contended for the first time that retroactive VRTD should not have been awarded from February 13, 1988, through April 19, 1989, because applicant had waived any right to rehabilitation services by not requesting VRTD or rehabilitation services during that period and had raised the issue of permanent disability at a hearing in November 1988.

In the report on reconsideration, the WCJ stated the contention concerning waiver was not properly raised in the petition for reconsideration because the insurer had not presented it to him. The WCJ also concluded the contention had no merit. Citing *Harklerode* v. *Young's Market Co.* (1979) 44 Cal.Comp.Cases 561 (in bank), the WCJ noted the Board is not foreclosed from determining the extent of permanent disability when rehabilitation benefits are not being received and neither party objects to a permanent disability determination. (See *id.*, at p. 562.)

Upon reconsideration, in August 1990 the Board agreed with the insurer, finding that applicant was not entitled to retroactive VRTD for the February 13, 1988, through April 19, 1989, period. The Board determined that applicant's request for rehabilitation was made April 20, 1989, rather than September 18, 1987. The Board stated that an employer has no duty to advise an employee of his or her entitlement to rehabilitation services when that employee is represented by counsel and has filed an application for benefits.

Applicant petitioned for reconsideration of the Board's decision. He contended the application filed with the Board was a request for rehabilitation. Relying on this division's opinion in *Pereira* v. *Workers' Comp. Appeals Bd.* (1987) 196 Cal.App.3d 1 [241 Cal.Rptr. 302], applicant contended he was entitled to retroactive VRTD commencing on the date the AME found applicant's condition was permanent and stationary.

On September 24, 1990, the Board denied applicant's petition for reconsideration. The Board declared: "[C]hecking off a line on the application [for benefits] is not necessarily a 'request' for benefits, but merely an indication that something about rehabilitation either is an issue or a potential issue." The Board opined that because applicant was represented by counsel and had not requested rehabilitation, the indication in medical reports before April 20, 1989, that applicant might need rehabilitation did not require the insurance company to provide rehabilitation benefits. Noting that applicant had not listed rehabilitation as an issue in his April and June 1988 declarations of readiness, the Board concluded applicant was making no contention "that he

missed out on any rehabilitation services designed to return him to work" and applicant had not asserted "that he wanted or desired rehabilitation services any earlier than the request date in April 1989."

In *Belmontez v. Workers' Comp. Appeals Bd.*, case No. B053944, applicant sought review in this court. We noted that although applicant had been determined to be medically eligible for vocational rehabilitation, no determination had been made as to his vocational eligibility. We also noted that if applicant was ultimately found not to be a QIW and the Board reasonably found that applicant had not requested rehabilitation in good faith, he might not be entitled to the retroactive VRTD. (See *General Foundry Service v. Workers' Comp. Appeals Bd.* (1986) 42 Cal.3d 331, 340, fn. 6 [228 Cal.Rptr. 243, 721 P.2d 124]; *Industrial Indemnity Co. v. Workers' Comp. Appeals Bd.* (1985) 165 Cal.App.3d 633, 640-641 [211 Cal.Rptr. 683].) Therefore, we concluded that the petition for writ of review was premature.

Consequently, on December 13, 1990, we issued an order that stated: "It appearing that there has been no order determining whether applicant is both medically and vocationally eligible for vocational rehabilitation, the petition for writ of review is denied without prejudice as premature. (See Cal. Code Regs., tit. 8, ch. 4.5, §§ 10003, subd. (c), 10013; *General Foundry Service v. Workers' Comp. Appeals Bd.* (1986) 42 Cal.3d 331, 340, fn. 6; *San Diego Transit Corp. v. Workers' Comp. Appeals Bd. (Renfro)* (1980) 28 Cal.3d 635, 637-638; *Industrial Indemnity Co. v. Workers' Comp. Appeals Bd.* (1985) 165 Cal.App.3d 633, 640-641; *Wood v. Aetna Ins. Co.* (1988) 83 SBA 40766, 17 Cal. Workers' Comp. Rptr. 17, 18.)"

Applicant sought review in the California Supreme Court. On January 30, 1991, the California Supreme Court denied review. Applicant then sought a determination from the Bureau that he was "vocationally eligible for rehabilitation." On March 11, 1991, Consultant Breffitt issued an order stating he could not alter the Board's findings because "[i]t appears as if jurisdiction on this matter currently rests with the D.C.A., per their missive dated 12/13/90." Applicant appealed to the WCJ. At a hearing before the WCJ on May 15, 1991, Consultant Breffitt testified applicant had completed an approved rehabilitation plan and was a QIW. On May 30, 1991, the WCJ found that applicant was both medically and vocationally eligible for vocational rehabilitation, "as defined by Title 8, California Code of Regulations section 10003(c), subsection (1) and subsection (2)." The WCJ declined to order the retroactive VRTD, however, stating it was "barred by the doctrine of res judicata." The WCJ said his finding about vocational eligibility was based on the rehabilitation consultant's testimony. The WCJ also said he did not have "jurisdiction to relitigate an issue in this case which has already been decided by the Appeals Board."

Applicant petitioned for reconsideration, declaring that in *Vasquez* v. *Workers' Comp. Appeals Bd.* (1991) 226 Cal.App.3d 867 [277 Cal.Rptr. 102], this court had held that filing an application with the Board alleging that the parties have a disagreement regarding liability for rehabilitation constituted a request for rehabilitation. (*Id.*, at pp. 872-873.) Applicant asserted that because the AME found he was a QIW, he was entitled to VRTD from the date he became permanent and stationary. Applicant further contended the matter should be reopened because the WCJ found he was a QIW. The WCJ recommended denial of reconsideration, stating the issue of retroactive VRTD had been decided by superior authority. The Board denied reconsideration, stating that it remained of the view "that VRTDI is only due from the date of request unless defendant breaches its duty to notify the applicant of his rights, and that in this case defendant did not breach its duty." The Board dismissed the *Wood* and *Vasquez* holdings as involving statute of limitations issues rather than retroactivity of VRTD.

This second petition for writ of review followed. Applicant advises in his petition that "[t]he monetary amount is a significant amount. The applicant was awarded rehabilitation benefits from February 13, 1988 to April 20, 1988 [*sic*]. The applicant's compensation rate is $174.22 per week or @4.89 per day [*sic*]. The period from February 13, 1988 to April 20, 1989 is 432 days or $10,752.48." He reiterates the argument that the Board was not following applicable law. The insurer now claims in this court that no further review of the Board's 1990 decision is possible because of "res judicata." On January 23, 1992, we issued the writ of review.

### DISCUSSION

■ Applicant contends that he is entitled to retroactive VRTD for the February 13, 1988, through April 19, 1989, period because he requested rehabilitation in the application he filed with the Board. He also contends he is entitled to retroactive VRTD for the February 13, 1988, through April 19, 1989, period because the employer breached its duty to notify him of his potential right to vocational rehabilitation. Finally, applicant contends the Board failed to consider the reports of several physicians and failed to comply with Labor Code section 5908.5.[2]

The insurance company contends that the Board's September 24, 1990, decision is final and, under Labor Code section 5953, it is not subject to

[2]Labor Code section 5908.5 provides: "Any decision of the appeals board granting or denying a petition for reconsideration or affirming, rescinding, altering, or amending the original findings, order, decision, or award following reconsideration shall be made by the appeals board and not by a workers' compensation judge and shall be in writing, signed by a majority of the appeals board members assigned thereto, and shall state the evidence relied upon and specify in detail the reasons for the decision."

review. The insurance company requests an award of sanctions and attorney fees incurred in opposing the petition for writ of review, asserting there is no reasonable basis for the petition.

## 1. *Retroactive VRTD*

Because the injury occurred in 1987, our decision is based on the law pertinent to injuries that occurred before 1990. For the purpose of awarding retroactive VRTD benefits to a QIW, the effective request date is the date on which the employee first requested rehabilitation even if the first request is not filed with the rehabilitation unit. It is better practice to request rehabilitation by filing the appropriate form with the rehabilitation unit of the office of benefit determination (formerly rehabilitation bureau). However, an allegation on an application to the Board for workers' compensation benefits that the parties have a dispute regarding vocational rehabilitation is a request for vocational rehabilitation. (*Vasquez* v. *Workers' Comp. Appeals Bd., supra,* 226 Cal.App.3d at pp. 872-873; *Wood* v. *Aetna Ins. Co., supra,* 17 Cal. Workers' Comp. Rptr. 17.) If the request is first raised in an application filed with the Board and there are no good faith issues that would bar the employee's right to compensation, the WCJ has a duty to refer the question of entitlement to vocational rehabilitation benefits to the rehabilitation unit. (Cal. Code Regs., tit. 8, ch. 4.5, § 10013, subd. (c) [rule 10013(c)].)[3]

We are aware that in *Roberts* v. *Workers' Comp. Appeals Bd.* (1992) 3 Cal.App.4th 631 [4 Cal.Rptr.2d 576], the First District held that the applicant's request for rehabilitation filed with the Rehabilitation Bureau was an initial request for rehabilitation for purposes of Labor Code section 5405.5[4] although the applicant had previously filed an application with the Board on which he checked a box indicating the parties had a dispute regarding

---

[3]California Code of Regulations, title 8, chapter 4.5, section 10013 provides: "(a) All matters regarding the question of entitlement to and provision of vocational rehabilitation benefits shall be submitted initially to the bureau, except as otherwise provided for in this section. [¶] (b) Where the question of entitlement to vocational rehabilitation benefits is first raised before a workers' compensation judge and there are good faith issues which, if resolved against the employee, would defeat his or her right to all compensation, the judge shall first determine the compensability of the injury and, if the injury is compensable, then refer the question of entitlement to vocational rehabilitation benefits to the bureau for determination. [¶] (c) Where the question of entitlement to vocational rehabilitation benefits is first raised before a workers' compensation judge and there are no issues which would bar the employee's right to compensation, the workers' compensation judge shall refer the question of entitlement to vocational rehabilitation benefits to the bureau for its determination before making a finding, decision or award on the issue of the employee's entitlement to vocational rehabilitation benefits."

[4]Labor Code section 5405.5 provides: "Except as otherwise provided in Sections 4644 and 5410, the period within which an employee may request vocational rehabilitation benefits provided by Article 2.6 (commencing with Section 4635) of Part 2 of Chapter 2 is one year

rehabilitation. (*Roberts, supra*, 3 Cal.App.4th at pp. 633, 638.) *Roberts* is distinguishable from the present case because it did not involve the issue of entitlement to retroactive VRTD.

The Board's insistence that *Wood* and *Vasquez* are not pertinent because they deal with statute of limitations issues is unavailing. The requirement in rule 10013(c) that the WCJ refer the question of entitlement to vocational rehabilitation to the rehabilitation unit when eligibility for rehabilitation was first raised before the WCJ would be meaningless if an applicant could not request rehabilitation before the Board. Although rehabilitation should first be requested by filing the appropriate form with the rehabilitation Unit, the employer's duty to provide VRTD to a QIW arises when the employee requests rehabilitation benefits or when the employer breaches its duty to notify the employee regarding the employee's potential right to rehabilitation, whichever occurs first, even if the employee's request is first made in an application filed with the Board. (See *San Diego Transit Corp.* v. *Workers' Comp. Appeals Bd. (Renfro)* (1980) 28 Cal.3d 635, 637-638 [170 Cal.Rptr. 40, 620 P.2d 626]; cf. *Bland* v. *Workmen's Comp. App. Bd.* (1970) 3 Cal.3d 324, 330 [90 Cal.Rptr. 431, 475 P.2d 663] [informality of pleading permissible in workers' compensation].)

Because the WCJ has determined applicant is both medically and vocationally qualified for vocational rehabilitation benefits and the Board denied reconsideration, applicant is entitled to retroactive VRTD for the February 13, 1988, to April 19, 1989, period. (*San Diego Transit Corp.* v. *Workers' Comp. Appeals Bd. (Renfro), supra*, 28 Cal.3d at pp. 637-638; *Vasquez* v. *Workers' Comp. Appeals Bd., supra*, 226 Cal.App.3d at pp. 872-873; see *Pereira* v. *Workers' Comp. Appeals Bd., supra*, 196 Cal.App.3d at pp. 6-7; 1 St. Clair, Cal. Workers' Compensation Law & Practice (4th ed. 1990) Vocational Rehabilitation, § 10.5, p. 493.)

Inasmuch as we have concluded that applicant is entitled to retroactive VRTD because he requested rehabilitation services when he filed his application, we need not and do not discuss his remaining contentions.

2. *Power to Review*

■ On December 13, 1990, this court issued an order denying relief "without prejudice." It was apparent from the language and citations in our order that a factual finding as to whether applicant was a QIW had to be made on the administrative level before applicant would be entitled to the

from the date of the last finding of permanent disability by the appeals board, or one year from the date the appeals board approved a compromise and release of other issues."

relief he sought. Our order was not a determination on the merits, and could not reasonably have been interpreted as such.

The insurer contends here that the Board's denial of reconsideration in 1990 is final and not presently reviewable by us because the California Supreme Court denied applicant's petition for review. A copy of our order of December 13, 1990, was attached to the petition for review. Since the Supreme Court was aware that our denial of the prior petition was without prejudice, its denial of review did not render the Board's decisions res judicata.

The insurer contends that Labor Code section 5953 precludes our review. That section is contained in division 4, part 4, chapter 7, article 2 of the Labor Code, which is entitled "Judicial Review." Section 5953 provides: "The findings and conclusions of the appeals board on questions of fact are conclusive and final and are not subject to review. Such questions of fact shall include ultimate facts and the findings and conclusions of the appeals board. *The appeals board and each party to the action or proceeding before the appeals board shall have the right to appear in the review proceeding. Upon the hearing, the court shall enter judgment either affirming or annulling the order, decision, or award, or the court may remand the case for further proceedings before the appeals board.*" (Italics added.) The section describing judicial review and the power of a reviewing appellate court follows, and is consistent with, Labor Code section 5950, which provides for such review. Section 5953 does not preclude review by the appellate courts of questions of law, including whether substantial evidence supports a finding of the Board in light of the whole record. (*Lamb* v. *Workmen's Comp. Appeals Bd.* (1974) 11 Cal.3d 274, 280-281 [113 Cal.Rptr. 162, 520 P.2d 978].)

## 3. *Sanctions, Fees and Costs*

Labor Code section 5801 provides that when "*the injured employee . . .* prevails in any petition by the employer for a writ of review from an award of the appeals board and the reviewing court finds that there is no reasonable basis for the petition, it shall remand the cause to the appeals board for the purpose of making a supplemental award awarding to the injured employee or his attorney, . . . a reasonable attorney's fee for services rendered in connection with the petition for writ of review. . . ." (Italics added.)

The insurer for the *employer* has asked for attorney fees and sanctions, claiming there was "no reasonable basis" for the present petition for writ of review. "No reasonable basis" for an employer's petition is the statutory standard for determining whether an injured employee is entitled to attorney

fees incurred in opposing a petition by the employer for a writ of review (Lab. Code, § 5801). We need not determine whether attorney fees may be awarded to an employer that opposes an injured employee's frivolous petition for writ of review because here there was a reasonable basis for the present petition for writ of review. We issued a writ of review because the Board has ignored applicable law, including a decision written by this division. Since applicant has prevailed in his petition here, he should be awarded costs. (See *Johnson* v. *Workers' Comp. Appeals Bd.* (1984) 37 Cal.3d 235, 239 [207 Cal.Rptr. 857 [689 P.2d 1127]; *Chavira* v. *Workers' Comp. Appeals Bd.* (1991) 235 Cal.App.3d 463, 477 [286 Cal.Rptr. 600].)

## DISPOSITION

Respondent Workers' Compensation Appeals Board's July 8, 1991, order denying reconsideration is annulled, and the matter is remanded to the Workers' Compensation Appeals Board with directions to award petitioner, Vicente Belmontez, retroactive vocational rehabilitation temporary disability indemnity for the February 13, 1988, to April 19, 1989, period.

Petitioner shall recover the costs he incurred in pursuing the petition for writ of review in this court.

Gilbert, J., and Yegan, J., concurred.

The petition of respondent Paula Insurance Company for review by the Supreme Court was denied August 26, 1992.